# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DAVID WILLIAM ENGSTROM                                          PLAINTIFF
ADC #159812

v.                        4:16CV00588-BSM-JJV

DOC HOLLADAY, Sheriff,
Pulaski County; *et al.*                                                    DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

       1.        Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

David William Engstrom ("Plaintiff") filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges that Defendants Randy Morgan, Carl Johnson, and Sarah Spears[1] denied him medical treatment, including "the administration of medications supplied to ensure he is not put into a position where he could suffer a stroke or heart attack," during his incarceration at the Pulaski County Regional Detention Facility. (*Id*. at 3.)

Now, Defendants Morgan and Speer move for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies before filing this suit. (Doc. No. 27.) Defendant Johnson moves to adopt the Motion filed by Defendants Morgan and Speer. (Doc.

---

[1] I note the correct spelling of this Defendant's name is Sara Speer. (Doc. No. 27 at 1.) The Clerk will amend the docket to reflect the correct spelling of her name.

No. 30.) Plaintiff has responded so the matter is ripe for a decision. (Doc. No. 33.) After careful review of the Motion, Statement of Facts, and Brief in Support, for the following reasons I find the Motion for Summary Judgment should be GRANTED.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country*

*Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Because Plaintiff was incarcerated at the Pulaski County Regional Detention Facility at the time of the alleged constitutional violation, his allegations are governed by the Pulaski County Sheriff's Branch Directive D05-0001. (Doc. No. 28-1 at 10.) Pursuant to that Directive, an inmate whose problem cannot be resolved verbally and informally may file a written grievance. (*Id*. at 13.) If the inmate is dissatisfied with the Grievance Officer's response to the written grievance, the inmate may appeal to the Chief of Detention. (*Id*. at

15-16.) The Chief of Detention's response is "the final level of the appeal process." (*Id*. at 16.) The Directive and Grievance Form require inmates to briefly and clearly explain the nature of their problem and state what they want to happen to solve the problem. (*Id*. at 13, 22.)

Defendants argue that Plaintiff failed to properly exhaust the grievance process with respect to the specific issue raised in his Complaint: access to medication to prevent a heart attack or stroke. In support of this argument, Defendants have offered the Affidavit of Nancy Brawley, Administrative Sergeant and Grievance Officer at the Pulaski County Regional Detention Facility. (Doc. No. 28-1.) Sergeant Brawley states, "In the present case, Engstrom did not complete all levels of the PCRDF Inmate Grievance Procedure on the issues complained about in this lawsuit." (*Id*. at 4.) She explains that Plaintiff did file four grievances complaining of other issues, only one of which was appealed. (*Id*. at 3-4.)

Those four grievances are attached as exhibits to Sergeant Brawley's Affidavit. (*Id*. at 24-31.) In the first grievance, Plaintiff stated he was not being given his prescribed medication to treat glaucoma and retinitis pigmentosa; he did not appeal Sergeant Brawley's response. (*Id*. at 24-25.) In the second grievance, Plaintiff stated he had been forced to go without his prescribed medication for over a week; he did not appeal Sergeant Brawley's response. (*Id*. at 26-27.) In the third grievance, Plaintiff stated he had been diagnosed with carpal tunnel syndrome and requested a prescription for a specific medication; he appealed Sergeant Brawley's response, and the Chief of Detention concurred with her decision. (*Id*. at 28-29.) Finally, in the fourth grievance, Plaintiff again requested medication to address

his carpal tunnel syndrome; he did not appeal Sergeant Brawley's response. (*Id*. at 30-31.)

Together, Sergeant Brawley's Affidavit and these exhibits demonstrate that Plaintiff failed to grieve the specific issue raised in his Complaint: that he was not administered medication to prevent a heart attack or stroke. One of his four grievances did address his medication generally, alleging that he had been without prescribed medication for over a week. (*Id*. at 26.) However, to the extent this grievance could be construed as addressing the issue raised in Plaintiff's Complaint, he failed to appeal Sergeant Brawley's response. (*Id*. at 27.) Therefore, Plaintiff failed to complete the administrative review process in accordance with the detention facility's procedures.

Accordingly, I conclude that Plaintiff failed to exhaust his administrative remedies before filing this action. The Motion for Summary Judgment should be GRANTED.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Clerk shall amend the docket to reflect the correct spelling of Defendant Sara Speer's name. (Doc. No. 27 at 1.)

2. Defendant Johnson's Motion to Adopt Motion for Summary Judgment (Doc. No. 30) be GRANTED.

3. Defendants' Motion for Summary Judgment (Doc. No. 27) be GRANTED.

4. This cause of action be DISMISSED without prejudice for failure to exhaust administrative remedies.

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

*pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 14th day of February, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE